

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:25-cr-0076

18 U.S.C. § 1343

KELLI RUCKER
  also known as "Kelli Rucker"
  also known as "Kelli Engler"

# I N F O R M A T I O N

The United States Attorney Charges:

## BACKGROUND

At all times relevant to this Information:

1. The State of West Virginia had a Division of Labor headquartered in Charleston, West Virginia, whose employees address and enforce West Virginia's Labor rules and regulations.

2. The West Virginia Division of Labor assigns certain employees credit cards to make authorized purchases on behalf of the West Virginia Division of Labor. The assigned West Virginia state purchase cards were not available for West Virginia Division of Labor employees to make personal purchases.

3. U.S. Bank was a financial institution as defined under 18 U.S.C. § 20 and was headquartered in Minnesota with branches

throughout the United States. U.S. Bank also does not have financial routers located within the state of West Virginia.

4. Visa Inc. was an American multi-financial services corporation based in San Francisco, California, and conducts business throughout the United States and globally by facilitating electronic fund transfers most commonly through Visa branded credit cards.

5. Defendant KELLI RUCKER, also known as "Kelli Reed," also known as "Kelli Engler," (hereinafter "KELLI RUCKER") was an employee of the West Virginia Division of Labor and was hired as an Administrative Services Manger I in 2020.

6. Defendant KELLI RUCKER was assigned a U.S. Bank Visa West Virginia state purchase card, No. XXX XXX XXX 7199, assigned organizational spending number 0308 ("0308") by the West Virginia Division of Labor, on or about October 2022 through February 2023, that was for official use only.

7. Defendant KELLI RUCKER was assigned a U.S. Bank Visa West Virginia state purchase card, No. XXX XXX XXX 7753, assigned organizational spending number 0308 ("0308") by the West Virginia Division of Labor, on or about October 2022 through February 2023, that was for official use only.

8. Defendant KELLI RUCKER was assigned a U.S. Bank Visa West Virginia state purchase card, No. XXX XXX XXX 9526, assigned organizational spending number 0951 ("0951") by the West Virginia

Contractor Licensing Board, on or about October 2022 through February 2023, that was for official use only.

## THE SCHEME

9. From October 2022 to February 2023 defendant KELLI RUCKER knowingly devised and intended to devise a scheme to defraud the West Virginia Division of Labor and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

## MANNER AND MEANS OF THE SCHEME

10. It was part of the scheme to defraud that defendant KELLI RUCKER used the three U.S. Bank Visa West Virginia state purchase cards assigned to her (collectively "West Virginia state purchase cards") to purchase, by wire communication in interstate commerce, items for her own use and benefit.

11. It was further a part of the scheme to defraud that defendant KELLI RUCKER charged, by wire communication in interstate commerce, personal expenses to the West Virginia state purchase cards knowing the personal expenses were not authorized expenditures of state monies.

12. In furtherance of the scheme to defraud, the charges made on defendant KELLI RUCKER's West Virginia state purchase cards transmitted, by wire communication in interstate commerce, money between U.S. Bank Visa and the State of West Virginia.

13. In furtherance of the scheme to defraud, defendant KELLI RUCKER used the West Virginia State purchase cards at Sam's Club, to pay for personal utility services through Appalachian Power, personal services through Optimum, unauthorized hotel stays, and PayPal transfers to "LipGlitz", among other purchases. The State of West Virginia subsequently paid the personal expenses of defendant KELLI RUCKER.

14. In this manner, from October 25, 2022, to February 20, 2023, defendant KELLI RUCKER, made dozens of unauthorized purchases using the West Virginia State purchase cards, resulting in a loss to the State of West Virginia in the amount of approximately $18,472.75.

### WIRE TRANSMISSION IN FURTHERANCE OF THE SCHEME

15. From on or about January 28, 2023, at or near Charleston, West Virginia, and within the Southern District of West Virginia and elsewhere, defendant KELLI RUCKER, for the purpose of executing the scheme described above, knowingly transmitted or caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds when she fraudulently charged $2,200 to PayPal-LipGlitz on the West Virginia state purchase card number "0951."

In violation of Title 18, United States Code, Section 1343.

**NOTICE OF FORFEITURE**

The allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.

Upon conviction of the offense in violation of 18 U.S.C. § 1343, the defendant KELLI RUCKER shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s). The property to be forfeited includes, but is not limited to:

    a. a money judgment in the amount of at least $18,472.75, such amount constituting the proceeds of the violations set forth in this Information regarding defendant KELLI RUCKER;

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property, which cannot be divided without difficulty.

The United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c). All pursuant to 18 U.S.C. §§ 981(a)(1)(C), and 28 U.S.C. § 2461(c).

                              UNITED STATES OF AMERICA

                              LISA G. JOHNSTON
                              Acting United States Attorney

By: _____
      ERIK S. GOES
      Assistant United States Attorney